UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAB HABITAT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HOUSELIGHTS LLC AND SATISFYLOVE INC.,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>DEMAND FOR JURY TRIAL<br><br>**COMPLAINT** |

Plaintiff, FAB HABITAT CORPORATION (FAB HABITAT), by and through the undersigned sues Defendants, HOUSELIGHTS LLC and SATISFYLOVE INC for damages related to trademark infringement, copyright infringement, and business-related torts.

## SUMMARY OF COMPLAINT

Parties are competitors on AMAZON for household goods, namely rugs.

In 2016, Plaintiff created a design pattern and began using it on rugs. Due to its uniqueness and creativity, the rug became one of Plaintiff's best sellers. After learning of the rug and its success, Defendants applied for and received a U.S. Copyright Registration in 2021, for the same pattern previously created by Plaintiff. Defendants then asserted this copyright registration against Plaintiff on AMAZON, accusing Plaintiff of infringing Defendants registered copyright. The complaint was made under the Digital Millennium Copyright Act and caused AMAZON to suspend Plaintiff's listing.

1

## THE PARIES

### PLAINTIFF – FAB HABITAT

1. FAB HABITAT CORPORATION (FAB HABITAT) is a New Jersey Corporation located and doing business in Monmouth County, New Jersey. FAB HABITAT creates, designs, markets, and sells household goods, namely rugs, in this State through box retailers, its website https://fabhabitat.com, and on-line marketplaces, such as AMAZON.

### DEFENDANT - HOUSELIGHTS LLC

2. Defendant, HOUSELIGHTS LLC (HOUSELIGHTS) advertises rugs on AMAZON which it markets, sells and delivers to consumers in New York.

3. According to its AMAZON profile, HOUSELIGHTS purports to be an LLC located at 500 West Harbor Drive, Unit 922, San Diego, CA 92101 (Exh. A). HOUSELIGHTS however is not registered with the State of California.

4. Based on information received from AMAZON (Exh. B), HOUSELIGHTS purports to have another address in New York at 1350 Broadway, New York, NY 10018. HOUSELIGHTS however is not registered with the State of New York.

### DEFENDANT - SATISFYLOVE INC

5. SATISFYLOVE INC is a California Corporation having an address at 3022 Inland Empire Blvd, Ontario, CA, 91764. SATISFYLOVE is the party defendant that applied for and received a U.S. Copyright Registration for the Plaintiff's pattern (VAu001444449) (Exh. C). The same copyright registration asserted against Plaintiff by the Defendant, HOUSELIGHTS.

6. Based on information and belief, SATISFYLOVE and HOUSELIGHTS are the same or related, have common ownership and/or represent an alter ego of each.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331(federal question); and 28 U.S.C. §1338(a) (copyright and trademark). This Court has jurisdiction over infringement claims and claims for trademark infringement under 15 U.S. Code § 1121(a) and unfair competition asserted in this action pursuant to 28 U.S.C. § 1338(b).

8. This Court has supplemental jurisdiction over the claims in the Complaint that arise under the statutory and common law of the State of New York pursuant to 28 U.S.C § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## VENUE

9. Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b), 28 U.S. Code § 1332 and/or § 1400(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District and were directed to this District.

10. Venue is proper in the Court because Defendant, HOUSELIGHTS LLC represented to AMAZON in its DMCA complaint that it is located in the Southern District of New York and/or agrees to be subject to the jurisdiction of this Court. Venue is proper in this Court and there is no adequate alternative forum to hear the case (Fed. R. Civ. P. 4(k)(2)).

## COMMON ALLEGATIONS

11. In 2016, FAB HABITAT created the following unique, design pattern and began using it on rugs, namely a rug titled the "Kilimanjaro Rug." (See, Plaintiff's rug, *right*, the "Kilimanjaro Rug").



12. The unique, design pattern comprising the Kilimanjaro Rug is not functional. It is marketed and advertised in this State by example through box retailers, FAB HABITAT'S website https://fabhabitat.com, and on-line marketplaces, such as AMAZON.

13. Since 2016, the unique, design pattern in the Kilimanjaro Rug caused the product to become one of FAB HABITAT's bestselling rugs, and most popular items. Based on its unique design, exclusive use, marketing and sales, the Kilimanjaro Rug has acquired distinctiveness and/or secondary meaning such that the public recognizes the unique pattern as a rug that originates from FAB HABITAT.

14. On or around November 2020, Defendant, HOUSELIGHTS began copying, making, selling and advertising knockoffs of the Kilimanjaro Rug on AMAZON, which as an example is referred to as the "SAND MINE reversible mat" (Exh D, the "Offending Rug"). The Offending Rug is a substantial taking or copying of Plaintiffs unique, design pattern.



15. Sometime in 2021, Defendant, SATISFYLOVE INC, applied for and received a U.S. Copyright Registration for 2- Dimensional Artwork, registration no. VAu001444449 (the "Offending Registration," Exh. C). The Offending Registration claimed exclusive rights in and to Plaintiff's same, unique, design pattern as in the Kilimanjaro Rug.

16. On or about February 16, 2022, Defendant, HOUSELIGHTS made the below intellectual property complaint on AMAZON against FAB HABITAT subject to the Digital Millennium Copyright Act (DMCA). In the complaint, HOUSELIGHTS asserted ownership of the Offending Registration and claimed the Kilimanjaro Rug listed by FAB HABITAT on AMAZON, infringes the Offending Registration (See Exh. E, with copy below).

> "Rights owner communication: We have copyright VAu001444449 (geometry and 1 Other Unpublished Work) for Outdoor Rug. We designed the geometry pattern which printed on the Outdoor Rug. We do not authorized seller (ID: A27ALMBM57HK47) to sell our copyrighted product, please investigate it and remove the Asin B01N7NTWMR from amazon. Also we can submit copyright certificate and right owner document by our counsel (Tarter Krinsky&Drogin LLP)
> Copyrighted content: VAu001444449
> ASIN: B01N7NTWMR
> Infringement type: Copyright on the product or product packaging
> Complaint ID: 9639323101"

17. At the time HOUSELIGHTS made its DMCA complaint with Amazon, it knew the copyright registration was invalid, void and not enforceable. Notwithstanding, on February 16, 2022, as a result of the DMCA complaint, AMAZON suspended/deactivated FAB HABITAT'S listing, advertisement and sale of the Kilimanjaro Rug.

18. On February 18, 2022, Defendant, HOUSELIGHTS emailed FAB HABITAT stating that a factory in China that allegedly produces the Kilimanjaro Rug for FAB HABITAT is the same factory that produces the Offending Rug for HOUSELIGHTS. And, because the factory said there is no copyright HOUSELIGHTS "applied for copyright, here is the registration number: VAu 1-444-449" (Exh. F).

19. FAB HABITAT has since expedited registration of its Kilimanjaro Rug with the US Copyright Office, VA 2-290-181, effective date of registration February 22, 2022 (Exh. G).

20. FAB HABITAT notified HOUSELIGHTS of its Copyright registration (VA 2-290-181) and demanded defendants stop infringing the Kilimanjaro Rug, but to no avail.

## COUNT I
### Copyright Infringement

21. Plaintiff realleges and incorporates all paragraphs and statements made in this filing, as if fully set forth herein.

22. Plaintiff owns U.S. Copyright registration No. VA 2-290-181. The registration is valid and enforceable. Plaintiff does not authorize Defendants to copy or use any portion of the work subject to U.S. Copyright Registration No. VA 2-290-181.

23.     Defendant HOUSELIGHTS unauthorized use of the work on or in association with the Offending Rugs sold, advertised, and displayed in U.S. commerce, including on AMAZON constitutes copyright infringement of Plaintiff's U.S. Copyright registration No. VA 2-290-181.

24.     The foregoing acts of infringement are willful, intentional and with indifference to the rights of FAB HABITAT. As a result of HOUSELIGHTS infringement, FAB HABITAT is entitled to relief pursuant to 17 U.S.C. §§504 and 505 in the form or actual damages and any additional profits of the infringer, including costs and attorney's fees.

25.     Unless enjoined and restrained by this Court, HOUSELIGHTS infringing acts will continue to cause irreparable injury to FAB HABITAT who has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting HOUSELIGHTS from further infringing Plaintiff's registered copyright and ordering all Defendant unauthorized copies of the Offending Rug be destroyed or forfeited to Plaintiff.

**<u>COUNT II</u>**
**Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(A)**

26.     Plaintiff realleges and incorporates all paragraphs and statements made in this filing, as if fully set forth herein.

27.     FAB HABITAT owns common law trademark rights in and to the unique pattern design of the Kilimanjaro Rug which it uses for household goods and textiles, namely rugs (the "Plaintiff's Trademark").

28.     The Plaintiff's Trademark has been in continuous use in U.S. interstate commerce by FAB HABITAT prior to any date which can be legally claimed by Defendants.

29.     Plaintiff's Trademark is inherently distinctive and/or has acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S.

commerce for over 5 years. Consumers associate the unique, design pattern of the Kilimanjaro Rug as originating from FAB HABITAT.

30. HOUSELIGHTS making, using and advertising of the Offending Rug constitutes, among other things, false designations of origin and false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of the Offending Rug, and constitute infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

31. HOUSELIGHTS has and continues to unfairly profit from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

32. As a direct and proximate result of HOUSELIGHTS acts, FAB HABITAT has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages to its trademark and the associated goodwill, in an amount to be determined at trial.

33. Because acts of HOUSELIGHTS were willful, FAB HABITAT is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117. And this is an exceptional case making FAB HABITAT eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III
### Violation of NY CLS Gen. Bus. Law § 360 et seq.

34. Plaintiff realleges and incorporates all paragraphs and statements made in this filing, as if fully set forth herein.

35. There is a likelihood of confusion caused by HOUSELIGHTS unauthorized acts complained of herein, whereby said use and sale of the Offending Rug severely affects the marketplace competition, constitutes infringement, misappropriation, and is unfair in violation of NY CLS Gen Bus § 360.

36. On information and belief, HOUSELIGHTS has made and will continue to make substantial profits and gains to which it is not entitled, neither as a matter of law nor equity. And, HOUSELIGHTS will continue its injurious acts, unless restrained by this Court. Plaintiff has and continues to face direct financial loss, lost dealings, accounting of profits and otherwise has no adequate remedy at law.

37. The misappropriation of FAB HABITAT'S commercial advantage by HOUSELIGHTS was committed with the intent to cause confusion or mistake or to deceive extreme and inflicted in reckless disregard for Plaintiff's rights. The conduct was in bad faith, harmful to FAB HABITAT, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish Defendants and deter such conduct in the future.

38. In light of the foregoing, FAB HABITAT is entitled to injunctive relief prohibiting Defendants from infringing the Plaintiff's intellectual property, and is entitled to recover all damages, including attorneys' fees that FAB HABITAT has and will sustain, including all gains, profits, and advantages obtained by Defendants in an amount to be determined at trial.

## COUNT IV
### Violation of NY Gen. Bus. Law § 133

39. Plaintiff realleges and incorporates by reference all paragraphs and statements made in this filing, as if fully set forth herein.

40. HOUSELIGHTS is misleading the public into believing that a connection exists between Defendants and FAB HABITAT and the respective rugs, by assuming, adopting and using Plaintiffs trademark and copyright with intent to deceive or mislead the public, for advertising purposes and for the purposes of trade in violation of New York General Business Law § 133.

41. By reason of the foregoing, FAB HABITAT has been injured and has suffered damages in an amount not yet ascertained and is entitled to the remedies provided for in New York General Business Law § 133.

42. Unless enjoined by this Court, Defendant's wrongful acts will continue, and Plaintiff will continue to suffer irreparable harm for which they have no adequate remedy at law.

## COUNT V
## Violation of NY Gen. Bus. Law § 349

43. Plaintiff realleges and incorporates by reference all paragraphs and statements made in this filing, as if fully set forth herein.

44. The actions of HOUSELIGHTS as alleged herein were done deliberately and intentionally, and directed at the Plaintiff, with the expectation Plaintiff would suffer damage and that Defendant would receive financial gain it was not entitled by appropriating FAB HABITAT'S customers and/or by diverting its business.

45. The actions of HOUSELIGHTS as alleged herein created the likelihood of confusion by misleading the public in a material was as to the source, sponsorship, association, or affiliation of the counterfeit, knockoff rugs it advertises and sells bearing Plaintiff's unique, design pattern.

46. The actions of HOUSELIGHTS as alleged herein were committed with the intention of passing off or palming off products as if such products were those of Plaintiff, with the intent to deceive and defraud the public, and mislead a reasonable consumer acting reasonably under the circumstances, in violation of the New York's Unlawful Deceptive Acts and Practices statute is codified in Section 349 of Article 22-A of the General Business Law (N.Y. Gen. Bus. Law § 349(a)).

47. HOUSELIGHTS actions as alleged herein are in bad faith, unlawful and have caused and will continue to cause irreparable damage and injury to the public interest and Plaintiff if not enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT VI
### New York Common Law Unfair Competition

48. Plaintiff realleges and incorporates by reference all paragraphs and statements made in this filing, as if fully set forth herein.

49. HOUSELIGHTS advertises, sells and promotes under its own mark, FAB HABITAT'S goods, namely, rugs consisting of the Plaintiff's unique, design pattern (sold for example as the "Kilimanjaro Rug") constituting bad faith misappropriation of the labors and expenditures of FAB HABITAT.

50. HOUSELIGHTS conduct has caused actual confusion in the marketplace causing FAB HABITAT to be injured and suffer damages in an amount not yet ascertained and is entitled to the remedies provided for under New York common law unfair competition.

## COUNT VII
### Conspiracy

51. Plaintiff realleges and incorporates by reference all paragraphs and statements made in this filing, as if fully set forth herein.

52. Defendants, SATISFYLOVE and HOUSELIGHTS, conspired to commit acts complained of herein. Defendants knew SATISFYLOVE and HOUSELIGHTS were not entitled to the Offending Copyright Registration but formulated a plan whereby SATISFYLOVE would file for and receive a copyright registration and HOUSELIGHTS would assert it on AMAZON to suspend Plaintiff's business and gain a competitive advantage in the market that neither was entitled.

## COUNT VII
## Fraud on The Copyright Office

53.     Plaintiff realleges and incorporates by reference all paragraphs and statements made in this filing, as if fully set forth herein.

54.     At the time Defendant SATISFYLOVE applied for the Offending Registration with the U.S. Copyright Office, it knew it was not the creator of the subject work and it knew it did not have any right or entitlement to claim ownership of same.

55.     At the time Defendant SATISFYLOVE applied for the Offending Registration it knowingly concealed relevant information and provided false, inaccurate information to the U.S. Copyright Office.

56.     The foregoing misrepresentations and inaccuracies were material to registrability of the copyright, to such extent that had the U.S. Copyright Office known of the foregoing inaccuracies and misrepresentations, it would have refused registration and not allowed no. VAu001444449 (the "Offending Registration") to register to SATISFYLOVE.

## COUNT VIII
## Violation of § 512
## The Digital Millennium Copyright Act ("DMCA")

57.     Plaintiff realleges and incorporates by reference all paragraphs and statements made in this filing, as if fully set forth herein.

58.     HOUSELIGHTS knowingly and materially misrepresented to AMAZON that it had a valid and enforceable copyright registration, which it used as a basis to file a complaint with AMAZON that accused FAB HABITAT of copyright infringement. The allegation was untrue, false, malicious and with the intent to induce, enable, facilitate, or conceal an infringement of FAB HABITAT'S rights under title 17.

59.     AMAZON, relying upon such misrepresentation, disabled Plaintiff's listing for its Kilimanjaro Rug and blocked Plaintiff from sales.

60.     Under the DMCA, HOUSELIGHTS is liable for Plaintiff's damages, including costs and attorney's fees, 17 U.S.C. §§ 512, 512(f), et seq.

DEMAND FOR JURY TRIAL Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by a jury on all issues triable by right of jury.

WHEREFORE, Plaintiff, FAB HABITAT CORPORATION respectfully requests the Court find in favor of Plaintiff on all counts and in doing so,

A. Declare U.S. Copyright no. VAu001444449 registered to SATISFYLOVE INC as invalid and void;

B. Find Defendant HOUSELIGHTS LLC liable to Plaintiff for all counts not limited to its bad faith, deceptive practices, unfair competition, for violating NY Business laws, the DMCA, for trademark infringement and copyright infringement;

C. Enter an injunction against Defendant HOUSELIGHTS LLC from making, using or advertising the Offending Rugs, or any good which uses in whole or part a design pattern that is confusingly similar to Plaintiff's Trademark or that incorporates the Plaintiff's U.S. Copyright Registration No. VA 2-290-181;

D. Order destruction of any and all Offending Rugs;

E. Award Plaintiff damages, lost profits, Defendant's profits, and in view of the foregoing further award special and enhanced damages including putative, treble, costs and attorneys' fees;

F. Find Defendants are conspirators and enter judgment against all Defendants jointly and severally.

Dated:  April 11, 2022

                KELLNER HERLIHY GETTY & FRIEDMAN, LLP


                By:_____*/s/ Thomas Vandenabeele*_____

                Thomas Vandenabeele

                *Attorneys for Plaintiff*
                470 Park Avenue South—7th Floor
                New York, NY 10016-6819
                Telephone:  (212) 889-2121
                E-mail: tv@khgflaw.com


Of Counsel:   Hill Wallack, LLP
                Jason L. DeFrancesco, Esq.
                21 Roszel Road, P.O. Box 5226,
                Princeton, NJ 08543-5226
                Telephone: 609-734-6360
                E-mail: jdefrancesco@hillwallack.com