**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FAB HABITAT CORPORATION,** | |
| **Plaintiff,** | **22-cv-2986 (ALC)** |
| -against- | |
| **HOUSELIGHTS, LLC and SATISFYLOVE, INC.,** | <u>**OPINION AND ORDER**</u> |
| **Defendants.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Fab Habitat Corporation ("Fab Habitat") brings this action against Defendants Houselights, LLC ("Houselights") and Satisfylove, Inc. ("Satisfylove") for (1) copyright infringement in violation of 17 U.S.C. §§ 504 and 505; (2) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (3) violation of New York State General Business Law § 360; (4) unfair competition under New York common law (5) conspiracy; (6) fraud on the Copyright Office; and (7) violation of the Digital Millennium Copyright Act ("DMCA").

Defendants move to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(2) and (6) based on the Court's lack of personal jurisdiction over Defendants and Plaintiff's failure to adequately state a claim as to any of its causes of action. For the reasons that follow, the Court finds that Plaintiff has not made a *prima facie* showing that the Court may properly exercise personal jurisdiction over Defendants. However, Defendants' motion is **DENIED** without prejudice to renewal following the completion of jurisdictional discovery.

## FACTUAL BACKGROUND

When determining whether to dismiss a case, the court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The following facts alleged in the

Amended Complaint (ECF No. 18), are thus assumed to be true for the purposes of this motion. The Court may also rely on facts related to personal jurisdiction from the declarations submitted in connection with the motion to dismiss.  (Ge Decl., ECF No. 21; Jiang Decl., ECF No. 22; Seyedian Decl., ECF No. 24; Vandenabeele Decl., ECF No. 25; Mizrahi Decl., ECF No. 26; Kothari Decl., ECF No. 27.)

A. <u>The Parties</u>

Plaintiff Fab Habitat is a New Jersey-based corporation that sells goods through various retailers in New York such as Walmart, Kohls, Bed Bath & Beyond, Amazon, and through its own website—www.fabhabitat.com.  (AC ¶¶ 1–2.)

Defendant Satisfylove is a corporation registered in California.  (AC ¶ 4.)  Satisfylove is an importer and wholesaler of various merchandise, including rugs that purportedly compete with Fab Habitat's products.  (AC ¶ 5.)

Defendant Houselights, according to the Amended Complaint, is a New York-based corporation which sells merchandise through Amazon, including rugs, that compete with Fab Habitat's products.  (AC ¶¶ 7–8.)  Plaintiff maintains that Houselights is not authorized to conduct business in California and that its corporate status on Delaware has been "cancelled".  (Seyedian Decl., ECF No. 24 ¶¶ 2, 3.)  Houselights maintains that it is a Delaware-registered company with its principal place of business in California.  (Ge Decl., ECF No. 21 ¶¶3–5.)  According to Plaintiffs, both Defendants offer their products for sale to consumers in New York and ship to consumers in New York.  (AC ¶¶ 5, 8.)

B. <u>Defendants' Alleged Infringement of the Kilimanjaro Rug</u>

In 2016, Fab Habitat created an original and unique pattern-design, described as

> "a series of symmetric diamonds connected at opposing ends of a
> pole with the other poles consisting of an inward pointing triangle

> having an anvil-like shape disposed therebetween, the foregoing
> outlined by a band of concentric steps, followed by a mirror image
> of the band and forming space having a diamond disposed
> therebetween, whereby said diamond contains two connecting
> triangles."

(AC ¶ 16.)  This pattern-design was applied to a rug, known as the "Kilimanjaro Rug", with a lined border.  (AC ¶ 17.)  The rug is marketed and advertised in New York through various box retailers, Fab Habitat's website, and online marketplaces such as Amazon, under the ASIN number B01N7NTWMR.  (AC ¶ 18.)

Plaintiff maintains that the Kilimanjaro Rug is "made of made of high-quality plastic fibers comprising recycled, premium polypropylene tubes. The rugs are extremely weatherproof and stain resistant and they are UV stabilized to be fade resistant."  (AC ¶ 20.)  It is sold with a one-year warranty, shipped without folds or creases, and is certified child-labor free and pet friendly.  (*Id.*)  The Kilimanjaro Rug has an average rating of 4.6 stars out of 5 and has received over 2,000 reviews.  (AC ¶ 19, 20.)  Plaintiff alleges that it is one of its best-selling products, and that Fab Habitat has used the unique pattern design in some of its other products.  (AC ¶ 21.)  Plaintiff also alleges that as a result of Fab Habitat's unique design and advertising of the Kilimanjaro Rug, it has required a sufficient distinctiveness where the public recognizes it as being associated "with a high-quality, reliable product that originates exclusively from Fab Habitat."  (AC ¶ 22.)

In or around late 2020, Plaintiff alleges that Defendants became aware of the existence of the Kilimanjaro Rug's popularity on Amazon and began a scheme to unfairly compete with Fab Habitat.  (AC ¶¶ 24–25.)  To carry out this alleged scheme, Satisfylove would import knockoff versions of the Kilimanjaro Rug ("Defendants' Rug") to Houselights, and Houselights would sell these inferior products to "unsuspecting consumers in New York" at a discounted price.  (AC ¶ 26.)  Satisfylove purportedly filed for and received a copyright registration on the pattern-design

based on the Kilimanjaro Rug, falsely representing that it owns the Kilimanjaro Rug.  (AC ¶¶ 27, 33.)

Thereafter, Houselights began advertising and selling their version of Defendants' Rug on Amazon under the following ASINs: B09K7FJP1Q, B08NSSJ149, B08NTC2TRF, B09JWCMP6R, and B09K7FKCW6.  (AC ¶ 28.)  Plaintiff alleges that the two rugs are "virtually identical", but that Defendants' rugs are of poorer quality, represent a tripping hazard, damage easily, and have numerous negative reviews on Amazon.  (AC ¶¶ 30–31.)  Plaintiff maintains that a consumer seeing Defendants' rug would believe it to be the same as the Kilimanjaro Rug and would believe that the negative reviews associated with the Defendants' rug also apply to the Kilimanjaro Rug.  (AC ¶ 32.)

Plaintiff also alleges that at the time when Satisfylove applied for registration of the copyright for Defendants' rug, it purposefully hid from the Copyright Office "the preexisting materials, namely advertisements, use, and knowledge of [Plaintiff's] unique pattern-design for Kilimanjaro Rug advertised on [Amazon] since 2016."  (AC ¶ 36.)

## PROCEDURAL HISTORY

Plaintiff initiated this action of April 11, 2022.  (Compl., ECF No. 1.)  After Defendants filed a pre-motion conference letter indicating their intent to move to dismiss, Plaintiff filed an Amended Complaint.  (ECF No. 18.)  Defendants filed their motion to dismiss on September 6, 2022.  (ECF Nos. 19–22.)  Plaintiff filed its memorandum in opposition to the motion and five supporting declarations on October 4, 2022.  (ECF Nos. 23–28.)  Defendants filed a reply in further support of their motion on October 18, 2022.  (ECF No. 29.)

## LEGAL STANDARD

### A. 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), "a plaintiff must make a *prima facie* showing that jurisdiction exists." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010) (quotation marks omitted). "A *prima facie* case [of personal jurisdiction] requires nonconclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 Fed.Appx. 16, 19 (2d Cir. 2015) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998)). "When evaluating a motion to dismiss for lack of personal jurisdiction, courts 'may consider materials outside the pleadings, including affidavits and other written materials.'" *Commodity Futures Trading Comm'n v. TFS-ICAP, LLC*, 415 F. Supp. 3d 371, 380 (S.D.N.Y. 2019) (quoting *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015)).

"In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway" and "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (per curiam) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). "[T]he pleadings and affidavits [are to be construed] in the light most favorable to plaintiffs, resolving all doubts in their favor." *Dorchester*, 722 F.3d at 85.

### B. 12(b)(6)

On a Rule 12(b)(6) motion, the court must "assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009)).  Allegations that are "no more than conclusions[ ] are not entitled to the assumption

of truth," and "'naked assertion[s]' devoid of 'further factual enhancement'" or "the defendant-

unlawfully-harmed-me accusation[s]" are not sufficient to show that a plaintiff is entitled to relief.

*Iqbal*, 556 U.S. at 678–79 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 557 (2007)).

Nor must a court accept as true "legal conclusions" or "a legal conclusion couched as a factual

allegation." *Id*.

## DISCUSSION

### I.   Personal Jurisdiction

#### A.   Legal Standard

Determining whether personal jurisdiction exists is a two-step inquiry.  "First, we look to

the law of the forum state to determine whether personal jurisdiction will lie.  If jurisdiction lies,

we consider whether the [ ] exercise of personal jurisdiction over a foreign defendant comports

with due process protections established under the United States Constitution." *Licci ex rel. Licci*

*v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (citations omitted).

Under New York's long-arm statute, there are two ways to establish personal jurisdiction

over a defendant: (1) "general jurisdiction" under N.Y. CPLR § 301; or (2) "specific jurisdiction"

under N.Y. CPLR § 302.  For general jurisdiction, "Section 301 preserves the common law notion

that 'a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is

engaged in such a continuous and systematic course of doing business here as to warrant a finding

of its presence in this jurisdiction.'"  *Thackurdeen v. Duke Univ.*, 130 F.Supp.3d 792, 798

(S.D.N.Y. 2015) (quoting *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F.Supp.3d 97, 103

(S.D.N. Y 2015)).  Generally, "a corporation is at home…only in a state that is the company's

formal place of incorporation or its principal place of business."  *Herod's Stone Design v.*

*Mediterranean Shipping Co. S.A.*, 434 F. Supp. 3d 142, 153 (S.D.N.Y. 2020), *aff'd*, 846 F. App'x 37 (2d Cir. 2021) (quoting *Gucci Am., Inc. v. Li*, 768 F.3d 122, 135 (2d Cir. 2014)).

For specific jurisdiction under § 302, "jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in the state." *Brown v. Lockheed Martin Corp*., 814 F.3d 619, 629 (2d Cir. 2016). New York's long-arm statute allows for specific jurisdiction over a non-domiciliary "who in person or through an agent…(1) transacts business within the state or contracts anywhere to supply goods or services in the state, or (2) commits a tortious act within the state…or (3) commits a tortious act without the state causing injury to person or property within the state…or (4) owns, uses or possesses any real property situated within the state." N.Y. CPLR § 302.

Next, for the exercise of personal jurisdiction to comport with due process, a court must determine (1) "whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant" (the "minimum contacts" inquiry), and (2) "whether the assertion of personal jurisdiction over the defendant comports with 'traditional notions of fair play and substantial justice'" (the "reasonableness" inquiry). *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). To determine whether sufficient minimum contacts exist, "[t]he crucial question is whether the defendant has 'purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws, such that the defendant should reasonably anticipate being haled into court there.'" *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242–43 (2d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)). Contacts "between the plaintiff (or third parties) and the forum State" do

not suffice, because "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

    B. <u>General Jurisdiction</u>

    Under C.P.L.R. § 301, "a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is 'engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction.'" *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 103 (S.D.N.Y. 2015) (*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)). The Supreme Court has clarified that a corporation is subject to a state's general jurisdiction only where its forum contacts "are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). However, it is only in the "exceptional case" that "a corporation's operations in a forum other than its formal place of incorporation or principal place of business…be so substantial and of such a nature as to render the corporation at home in the state." *Id.* at 139 n.19.

    Plaintiff argues that Defendant Houselights is subject to general jurisdiction in New York under CPRL § 301 based on Houselights' response to Plaintiff's DMCA complaint. (ECF No. 28 at 2–3.) In response to Plaintiff's DMCA complaint, Houselights filed a counter notice in which Houselights identified its "Mailing Address" as "1350 Broadway New York, NY 10018". (AC, Ex. A, ECF No. 18-1.) Additionally Houselights agreed to the statement, with a green check sign, that "[Houselights] [is] located in the United States and [] consent[s] to the jurisdiction of the Federal District Court for the judicial district in which my address is located (OR) [Houselights] [is] located outside of the United States and [] consent[s] to the jurisdiction of any judicial district

in which Amazon may be found." (*Id.*)  Plaintiff has also retained the services of a California-based attorney, who contends that Houselights is not registered to conduct intrastate commerce in California because they could not locate certain administrative records that Houselights is required to maintain under California law in order to conduct business there.  (Seyedian Decl., ECF No. 24 ¶¶ 6–14.)

Houselights itself maintains that it is a Delaware-registered company with its principal place of business in California.  (Ge Decl., ECF No. 21 ¶¶ 3, 4.)  It also contends that it "does not maintain, and has never maintained, any office, facility, warehouse, or other fixed physical presence in New York." (*Id.* ¶ 6.)  In their memorandum in support of their motion to dismiss, Defendants argue that the New York address listed in the counter statement to the DMCA complaint is its counsel's mailing address, and that the counter statement merely indicates that Houselights intended for its lawyer to be the point of contact regarding the DMCA dispute, not that its mailing address was the site of its principal place of business.  (ECF No. 20 at 6.)

"In deciding a motion to dismiss for lack of personal jurisdiction, "[t]he court assumes the verity of the [plaintiff's] allegations 'to the extent they are uncontroverted by the defendants' affidavits.'" *Moonbug Ent. Ltd. v. Autumn Sell*, No. 21 CIV. 10328 (NRB), 2023 WL 2051247, at *6 (S.D.N.Y. Feb. 16, 2023) (quoting *Jonas v. Est of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015)).  Having reviewed both sides' affidavits the Court agrees with Defendant's position that the counter statement merely reflects that Houselights chose to designate its New York-based counsel as the mailing address for the DMCA dispute, not that the mailing address means that Houselights maintains a physical address in New York.  Indeed, the New York mailing address listed in the counter statement matches defense counsel's address as listed on the docket.

Even if the Court were to credit Plaintiff's assertion that Houselights maintained a mailing address at the New York address listed in the counter statement, Plaintiff has provided no caselaw support for the principle that maintaining a mailing address in a particular state is sufficient to render the application of general jurisdiction appropriate in that forum.  Moreover, the California registration status of Houselights as of September 30, 2022 is not probative of whether it maintains its principal place of business or is registered to do business in New York when the lawsuit was filed.  In short, Plaintiff has also not alleged that Houselights is either registered in New York or that its principal place of business is in New York.  Nor has it alleged that Houselights contacts with New York are so continuous and systematic to render it "at home" in New York.  Accordingly, the Court cannot exercise general jurisdiction over Houselights.

The Court also rejects Plaintiff's assertion that Houselights consented to personal jurisdiction in the DMCA counter statement.[1]  "Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements[,]"  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 76 (2d Cir. 2023) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006)), "[s]o long as such 'forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement [against a defendant] does not offend due process."  *Fuld v. Palestine Liberation Org.*, No. 22-496-CV, 2023 WL 5808926, at *8 (2d Cir. Sept. 8, 2023) (*Burger King Copr. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)).  The counter statement to Plaintiff's DMCA is not a

---

[1] Consent is actually a separate basis for jurisdiction from general and specific jurisdiction.  *Fuld v. Palestine Liberation Org.*, No. 22-496-CV, 2023 WL 5808926, at *7 (2d Cir. Sept. 8, 2023) ("The Supreme Court has recognized three distinct bases for exercising personal jurisdiction over an out-of-forum defendant in accordance with the dictates of due process: general jurisdiction, specific jurisdiction, and consent.")

contractual agreement between Houselights and Plaintiff, and there is no suggestion in the record

that Houselights and Plaintiff freely negotiated its terms.[2]

Accordingly, the Court finds that Plaintiff has not established a sufficient basis for the

exercise of general jurisdiction over Houselights.  *See Chatwal Hotels & Resorts LLC*, 90 F. Supp.

3d at 104 (finding lack of general jurisdiction where there was no evidence that defendants were

incorporated in or had their principal place of business in New York and where defendants did not

have an office, employees, bank accounts or property in New York.)[3]

    C.  Specific Jurisdiction

As to specific jurisdiction, Plaintiff posits that the Court has jurisdiction over Defendants

(1) under CPLR § 302(a)(1) because Defendants transact business within New York and because

they have committed tortious acts within New York and contract to do business in New York and

(2) under CPLR § 302(a)(2) because they have committed tortious acts within New York.  (ECF

No. at 28 at 4–7.)  The Court will address each section of New York's long-arm statute in turn.

    i.  *Section 302(a)(1)*

Section 302(a)(1) authorizes jurisdiction over any non-domiciliary who "transacts any

business within the state or contracts anywhere to supply goods or services in the state or contracts

---

[2] The single out of district case cited by Plaintiff for the proposition that a DMCA counter notice is sufficient to evince a defendant's consent to be sued in a particular forum is unpersuasive and distinguishable from the circumstances here. *Wright v. Edwards*, No. 21-CV-6063 (PKC)(RLM), 2022 WL 17820247, at *6 (E.D.N.Y. July 18, 2022).  In *Wright*, the court was evaluating the merits of a plaintiff's default judgment claim and the issue of personal jurisdiction *sua sponte* because defendants had not appeared to contest the court's exercise of personal jurisdiction.

[3] Because the Court finds that it does not have general jurisdiction over Houselights, it will not discuss whether the exercise of jurisdiction comports with the constitutional norms of due process. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 631 (2d Cir. 2016) ("[o]nly if personal jurisdiction has attached under state law do we reach the constitutional question of whether due process is offended thereby.")

anywhere to supply goods or services in the state", N.Y. C.P.L.R. § 302(a)(1), "so long as the cause of action arises from these activities." *Pearson Educ., Inc. v. ABC Books LLC*, No. 19-CV-7642 (RA), 2020 WL 3547217, at *4 (S.D.N.Y. June 30, 2020). "To make a *prima facie* showing of jurisdiction pursuant to section 302(a)(1), a plaintiff must establish, first, that [the] defendant transacted business within the state of New York, and second that this action arises from that transaction of business." *Id.* (quoting *Sullivan v. Jersey Strong Licensing LLC*, No. 18-CV-7753 (RA), 2019 WL 3066492, at *2 (S.D.N.Y. July 12, 2019)). "[C]ourts in this District have routinely found personal jurisdiction over [foreign] defendants who operate storefronts on online marketplaces such as Amazon or Alibaba." *Mattel, Inc. v. Animefun Store*, No. 18-CV-8824 (LAP), 2020 WL 2097624, at *4 n.7 (S.D.N.Y. May 1, 2020) (collecting cases); *see also Brady v. Anker Innovations Ltd.*, No. 18-CV-11396 (NSR), 2020 WL 158760, at *6 (S.D.N.Y. Jan. 13, 2020) ("[I]n placing goods for sale on both its Amazon storefront and its own website, [plaintiff] availed itself to promoting, advertising, and selling its product through use of the nationwide reach of these websites and it contemplated sales in New York."); *Poppington, LLC v. Brooks*, No. 20-CV-8616 (JSR), 2021 WL 3193023, at *2 (S.D.N.Y. July 27, 2021).

Plaintiff argues that Defendants regularly transact business in New York by offering, selling, and shipping goods to consumers in New York on Amazon and that Defendants "contract to receive and supply merchandise in New York". (AC ¶¶ 5, 8, 12, 26.) For their part, both Defendants deny that they regularly transact business within New York or that they contract to do business in New York. Houselights maintains that it does not engage in any advertising targeted toward New York and that all Amazon sales are effectuated through Amazon's fulfillment centers, meaning that Amazon stores, picks, packs, ships and provides customer service for those products. (Ge Decl., ECF No. 21 ¶¶ 12, 16.) Satisfylove maintains that it has never offered for sale, sold, or

shipped products to consumers in New York and does not engage in advertising targeted to consumers in New York. (Jian Decl., ECF No. 22 ¶¶ 12, 13.) Additionally both companies maintain that they have never entered into any contracts with a person in New York or with a company headquartered in New York. (Ge Decl., ECF No. 21 ¶ 14; Jian Decl., ECF No. 22 ¶ 15.)

The Court finds that Plaintiff has not provided sufficient facts that would allow the Court to exercise jurisdiction under § 302(a)(1) over Defendants. Section 302(a)(1) is a "single act statute," *Deutsche Bank Sec., Inc. v. Montana Bd. of Investments*, 7 N.Y.3d 65, 71, 818 N.Y.S.2d 164, 850 N.E.2d 1140 (2006), and "proof of one purposeful transaction in New York is sufficient to trigger Section 302(a)(1), as long as there is a 'substantial relationship between the transaction and the claim asserted.'" *RV Skincare Brands LLC v. Digby Invs. Ltd.*, 394 F. Supp. 3d 376, 381 (S.D.N.Y. 2019) (internal citations and quotations omitted). However, Plaintiff has not identified a specific transaction that occurred in New York that bears a substantial relationship to the claims asserted in the Amended Complaint, beyond the conclusory allegations that Defendants offer goods "for sale to consumers in New York and ships to buyers and consumers in New York" and that "the Defendants who are co-conspirators that regularly transact business in New York and contract to receive and supply merchandise in New York thus purposefully availing each to the benefits of transacting business in New York." (FAC ¶¶ 5, 12). These allegations are generic and merely repeat the language from the statute without offering any actual supporting facts, which is insufficient to meet Plaintiff's *prima facie* burden. *Megna v. Biocomp Lab'ys Inc.*, 166 F. Supp. 3d 493, 496 (S.D.N.Y. 2016) ("[C]onclusory allegations are not enough to establish personal jurisdiction."); *see also NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) ("[t]he plaintiff in opposing a 12(b)(2) motion cannot rely merely on conclusory statements or allegations; rather, the *prima facie* showing must be factually supported.")

In an effort to provide the Court with some factual specificity as to Defendants' alleged New York contacts, Plaintiff proffers two declarations purporting to detail Defendants' contacts with New York for the period of time *after* the complaint was filed.  In the Kothari declaration, the affiant states that they purchased cups from Satisfylove on Etsy on September 16, 2022 and that they were delivered to their address in New York on September 23, 2022.  (Kothari Decl., ECF No. 27 ¶¶ 1, 2, 4.)  In the Mizrahi declaration, the affiant states that they ordered a rug from Houselights on Amazon on August 11, 2022, which was delivered to their New York residence on September 1, 2022.  (Mizrahi Decl., ECF No. 26 ¶¶ 1, 3, 4.)  Both of these purchases were well after the Complaint was first filed on April 12, 2022 (Compl., ECF No. 6), and even after the Amended Complaint was filed on August 8, 2022 (FAC, ECF No. 18).

Post-lawsuit contacts are insufficient to show that a defendant was transacting business within New York for the purposes of long-arm jurisdiction.  *Shelbourne Glob. Sols., LLC v. Gutnicki LLP*, No. 21-CV-2223 (KAM)(SJB), 2023 WL 2240438, at *10 (E.D.N.Y. Feb. 27, 2023); *Black v. Dain*, No. 16-CV-1238 (CBA)(ST), 2018 WL 11447342, at *2 (E.D.N.Y. Sept. 17, 2018) ("[N]o lower court in this Circuit or any other court applying New York's long-arm statute has held that post-filing conduct suffices to exercise specific jurisdiction over a party."); *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 600 (S.D.N.Y. 2012); *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 726 (S.D.N.Y. 2001) ("For the purposes of the jurisdictional analysis under New York State law, the Court focuses specifically on the Defendants' amenability to suit at the time the lawsuit was filed, not when the claim arose (and not based on subsequent changes in their status)"); *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione*

*Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991).  Thus, Plaintiff has not made a *prima facie* showing that jurisdiction is proper under § 302(a)(1).

>    ii.      *Section 302(a)(2)*

Under CPLR § 302(a)(2), a court may exercise jurisdiction over a foreign defendant who "commits a tortious act within the state…" "[H]owever, § 302(a)(2) typically requires that the defendant have been physically present in New York while committing the tortious act." *LaChapelle v. Torres*, 1 F. Supp. 3d 163, 169 (S.D.N.Y. 2014) (citing *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir.1997)); *see also 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13-CV-981, 2015 WL 1514539, at *7 (S.D.N.Y. Mar. 31, 2015) ("'[T]he New York Court of Appeals has interpreted [this] subsection to reach only tortious acts performed by a defendant who was physically present in New York when he committed the act.'"); *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288, 299 (S.D.N.Y. 2020) ("[F]or jurisdiction to attach under [§ 302(a)(2)], a defendant's tortious act must have occurred while the defendant was physically present in New York.")  Indeed, "New York courts and the Second Circuit have "consistently interpreted § 302(a)(2) jurisdiction narrowly."  *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288, 299 (S.D.N.Y. 2020) (citing *Carlson v. Cuevas*, 932 F. Supp. 76, 79 (S.D.N.Y. 1996)).

Plaintiff has provided no non-conclusory facts showing that Defendants committed tortious acts in New York.  It merely alleges that "[Satisfylove] would import knockoffs of the Kilimanjaro Rug and supply same to [Houselights] who would thereafter advertise, sell and deliver to unsuspecting consumers in New York a discounted, low-quality rug that looks like the same popular Kilimanjaro Rug that originates from [Fab Habitat]" and that "[Houselights] sells knockoffs of the Kilimanjaro Rug in the state of New York."  (FAC ¶¶ 26. 28.)  Indeed, Plaintiff's theory of jurisdiction under this subsection seems to be premised on the receipt of the allegedly

infringing rug by consumers in New York (Vandenabeele Decl., ECF No. 25 ¶ 2–3), rather than either Defendant's actual physical presence within New York.[4]  Accordingly, jurisdiction under § 302(a)(2) is not applicable.  *See Megna v. Biocomp Lab'ys Inc.*, 166 F. Supp. 3d 493, 499 (S.D.N.Y. 2016) ("[B]ecause [defendant] is not physically present in New York, Section 302(a)(2) is not a basis for personal jurisdiction.")

> D.  Jurisdictional Discovery

The decision of whether or not to allow discovery is within the Court's sound discretion. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007).  "It is well settled under Second Circuit law that, even where plaintiff has not made a *prima facie* showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record."  *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003)).

The Court will exercise its discretion to allow jurisdictional discovery to go forward. Although the allegations in the Amended Complaint and declarations do not make a *prima facie* showing of jurisdiction, there is some basis to suggest that one or both of the Defendants transact at least some business within New York, given that Plaintiff may have been able to purchase goods they offered for sale and have them delivered in New York after the complaint was filed. Accordingly, the Court will exercise its discretion to allow limited jurisdictional discovery to go

---

[4] Plaintiff relies on the proposition that "the in-state injury element is satisfied when the tort allegedly caused or threatens to cause harm to a business in the New York market through, for example, lost sales or lost customers" (ECF No. 28 at 4–5 (citing *Int'l Biometric Group, LLC v. Intrepid Solutions & Servs.*, No. 12-CV-4029 (ALC), 2012 WL 2369501, at *2 (S.D.N.Y. June 21, 2012)).  However, in that case, the Court was analyzing personal jurisdiction under CPLR § 302(a)(3)(ii), not § 302(a)(2) as is the case here.

forward on whether Defendants transact business within New York sufficient for the exercise of specific jurisdiction under CPLR § 302(a)(1).  *See New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 314 (E.D.N.Y. 2014) (allowing jurisdictional discovery to go forward where plaintiff had "established 'sufficient start' of establishing personal jurisdiction."); *see also Ayyash v. Bank Al– Madina*, No. 04 Civ. 9201(GEL), 2006 WL 587342 (S.D.N.Y. March 9, 2006) ("District courts have considerable discretion in determining how to best handle jurisdictional questions, and generally may allow plaintiff to conduct limited discovery with respect to the jurisdictional issue.")

The parties should meet and confer regarding the appropriate scope of discovery and submit a proposed discovery plan on or before **October 12, 2023**.[5]

## CONCLUSION

For the reasons set out above, Defendants' motion to dismiss is **DENIED** with leave to renew after the completion of jurisdictional discovery.  The parties should meet and confer regarding the appropriate scope of discovery consistent and submit a proposed discovery plan on or before **October 12, 2023**.

The Clerk of Court is respectfully requested to close the pending motion at ECF No. 19.


**SO ORDERED.**

**Dated: September 29, 2023**
**New York, New York**

                                     **ANDREW L. CARTER, JR.**
                                     **United States District Judge**

---

[5] Because the Court cannot determine whether it has jurisdiction to decide the merits of Plaintiff's claims, Defendants' remaining arguments for dismissal are **denied** without prejudice to renewal after the completion of jurisdictional discovery.  *See Sikhs for Just. Inc. v. Indian Nat'l Cong. Party*, 17 F. Supp. 3d 334, 348 (S.D.N.Y.), *aff'd sub nom. Sikhs for Just., Inc. v. Nath*, 596 F. App'x 7 (2d Cir. 2014) ("Given that the Court lacks jurisdiction to hear Plaintiffs' case, the Court will not reach dismissal on the merits.")